# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>ALPINE LAND & RESERVOIR CO., *et al.*,<br><br>　　　Defendants.<br><br>Re:　Nevada State Engineer Ruling<br>　　　No. 6226 | Equity No. D-183-LDG<br><br>Case No. 3:73-cv-00183-LDG<br>Subfile No. 3:73-cv-00211-LDG<br><br>**ORDER** |

　　　The State Engineer moves to stay (#9) this action, arguing that the petitioner, Stillwater Farms, also filed a petition for judicial review in the Tenth Judicial District Court for the State of Nevada.  The United States of America opposes the motion, and is joined in opposition by the Truckee-Carson Irrigation District.  Having considered the arguments of the parties, the Court will deny the motion and will instead set a briefing schedule for this matter.

　　　The State Engineer argues that the Court should defer to the state court's jurisdiction pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S.

800 (1976).  However, this Court has exclusive jurisdiction over appeals of State Engineer rulings on water rights subject to the Alpine Decree because it was this Court that first established jurisdiction over the *res* — Carson River water rights — when it adjudicated the Alpine Decree. *See United States v. Alpine Land & Reservoir Co*., 174 F.3d 1007, 1013 (9th Cir. 1999) ("*Alpine III*").  Under the *Alpine* and *Orr Ditch* decrees, the administration of water rights generally follows Nevada state law. *See United States v. Alpine Land & Reservoir Co.* ["*Alpine II*"], 878 F.2d 1217, 1223 (9th Cir. 1989); *United States v. Orr Water Ditch Co.*, 914 F.2d 1302, 1308 (9th Cir. 1990).  Nevada state law recognizes that jurisdiction is meant to lie in the federal court in this instance, by providing that one "feeling aggrieved by any order or decision of the State Engineer . . . on stream systems where a decree of court has been entered," must initiate action for review of the State Engineer decision "in the court that entered the decree." Nev. Rev. Stat. § 533.450(1).  A court retains exclusive jurisdiction over the administration of the water decrees it adjudicates. *See State Engineer of State of Nevada v. South Fork Bank of Te-Moak Tribe of W. Shoshone Indians of Nevada,* 339 F.3d 804, 809 (9th Cir. 2003).

While the State Engineer argues that its ruling concerns "a state permit right to drain water that may not be enforced against or affect the decree rights adjudicated by this Court in any way," the petition for review goes beyond this narrow argument.  Stillwater Farms seeks to reverse the denial of Application 47786.  In so doing, the petitioner concedes that the United States Fish and Wildlife Service has permits to appropriate water in the Newlands Reclamation Project, but argues that the USFWS must call for the water. Perhaps presciently, the State Engineer stated in its ruling that "if [Stillwater Farms] truly believes that illegal use of water is taking place within the Project without the benefit of a water right, that issue should be taken to the decree court with jurisdiction and not resolved by the State Engineer."  Stillwater has indicated that its appeal of the denial of Application 47786 concerns decreed waters rights, thus creating exclusive jurisdiction within this Court.

In addition, in appealing the limited permit granted for Application 48476, Stillwater Farms asserts Ruling #6226 improperly limits the scope of protection to be afforded to the water right that was granted, and asserts that limited scope of protection afforded by the State Engineer should be reversed to allow protection against, inter alia, illegal diversions. In light of State Engineer's language concerning the illegal use of water in regards to the the USFWS diversion of water, and Stillwater Farms' assertion that the USFWS can only exercise its decreed rights by making a call, Stillwater Farms has further invoked the exclusive jurisdiction of this Court over its appeal.

Therefore, for good cause shown,

THE COURT **ORDERS** that the State Engineer's Motion to Stay (#9) is DENIED;

THE COURT FURTHER **ORDERS:**

a. That Stillwater Farms (Petitioner) shall file its opening brief within 40 days of entry of this order.

b. That the Nevada State Engineer, and any other Real Party in Interest (Respondents) opposing the petition for judicial review shall file their briefs within 30 days after service of Petitioner's brief.

c. That Petitioner may file a reply brief within 14 days after service of opposition briefs.

d. That the briefs of the parties shall comply, to the extent practicable, with Federal Rule of Appellate Procedure 28; provided, however, that the length of the principal briefs shall not exceed 30 pages and the reply briefs shall not exceed 15 pages, exclusive of pages containing the table of contents, tables of citations, and any addendum or exhibits. In addition, the form of the briefs shall comply with Local Rules 10-1 through 10-5.

e. That each party shall prepare and file, with its respective brief, an appendix that shall contain any portion of the papers or record considered by the State

|   |   |   |
|---|---|---|
| 1 |  | Engineer that the party believes is necessary for the Court to review in |
| 2 |  | considering that party's arguments. |
| 3 | f. | That any motions seeking leave for additional time, leave to file over-length |
| 4 |  | briefs or other similar motion shall be filed no less than seven days prior to |
| 5 |  | the scheduled submission date of the brief for which such leave is sought. |
| 6 | g. | That, in addition to the filing of original briefs with the Clerk of the Court, each |
| 7 |  | party shall deliver a courtesy copy of its brief and appendix to the Chambers |
| 8 |  | of the Honorable Lloyd D. George, Lloyd D. George U.S. Courthouse, 333 |
| 9 |  | Las Vegas Boulevard South, Room 6073, Las Vegas, Nevada, 89101. |

DATED this ___ day of March, 2014.

_____
Lloyd D. George
United States District Judge