1

2

3

4

5

6

7      **UNITED STATES DISTRICT COURT**

8      **DISTRICT OF NEVADA**

9

10     UNITED STATES OF AMERICA,

11              Plaintiff,                          Equity No. D-183-LDG

12     v.                                           Case No. 3:73-cv-00183-LDG
                                                    Subfile No. 3:73-cv-00211-LDG
13     ALPINE LAND & RESERVOIR CO., *et
       al.*,                                        **<u>ORDER</u>**
14
                Defendants.
15

16     Re:     Nevada State Engineer Ruling
               No. 6226
17

18

19          The petitioner, Stillwater Farms, Inc., petitions this Court for judicial review of

20     Nevada State Engineer Ruling #6226.  Stillwater moves to dismiss its petition for lack of

21     jurisdiction (#22), and has briefed its petition on the merits (#23).  The United States

22     opposes both the motion to dismiss (#29) and the petition (#30).  The State Engineer has

23     also filed a brief opposing the petition and defending his ruling (#28).  The State Engineer

24     has also filed a notice of non-opposition to Stillwater's motion to dismiss (#27).

25          Stillwater filed Applications #47786 and #48476 to appropriate "drain water" at two

26     specific locations.  The State Engineer denied Application #47786, concluding that there

1   was not any water available for appropriation.  In its petition for review, Stillwater asserts

2   that the State Engineer erred in denying the #47786 application because most of the water

3   reaching the diversion point was "mismatched water" that was available for appropriation to

4   the extent that the United States Fish and Wildlife Service was not calling for the water.

5   The State Engineer granted Application #48476, but noted that Stillwater acquired only a

6   temporary, unenforceable right "to whatever water escapes from the works or lands of

7   others, and which cannot find its way back to its source of supply."  Stillwater asserts that

8   the State Engineer, in granting Application #48476, improperly limited the scope of

9   protection for drain water.

10        Previously, the State Engineer moved to stay this action pending resolution of an

11   identical petition that Stillwater filed in state court.  Without elaboration, Stillwater joined the

12   State Engineer's motion.  The Court denied the motion, finding that Stillwater's appeal

13   invoked this Court's exclusive jurisdiction to hear appeals of State Engineer rulings that

14   may affect water rights subject to the Alpine Decree.

15        <u>Motion to Dismiss for Lack of Jurisdiction</u>

16        Stillwater has moved to dismiss its own petition solely on the basis that this Court

17   lacks jurisdiction over the petition.  Stillwater asserts that both applications concern "only

18   the right to unused and unappropriated water," and therefore the applications concern

19   water that is not subject to the Alpine Decree.  Stillwater further asserts that the "only injury

20   alleged . . . was the discontinuation of historic practices."  Stillwater asserts that its petition

21   to this Court alleged injuries only to the extent that Stillwater was denied state-permitted

22   water rights.  Stillwater concludes that, as it did not allege an injury to any decreed water

23   rights, this Court lacks subject matter jurisdiction.

24        That this Court has jurisdiction to hear the petition is best demonstrated by

25   Stillwater's own argument: "Due to the nature of the water as drain water and run-off,

26   Stillwater does not *believe* that the water is correctly categorized as Newlands Project

water, or subject to the decree issued by this Court in *United States v. Alpine Land & Reservoir Co., et al.*, Equity No. D-183 BRT (D. Nev. 1980)."  Motion to Dismiss, p. 3.  As Stillwater further asserts, "Stillwater has *maintained* throughout the course of this matter that the Applications concern only the right to unused and unappropriated water that is therefore not subject to the Alpine Decree.  *See* ROA 28 ("There is unappropriated drain water available….."); ROA 29 (the loss of drain water injures Stillwater)."  Motion to Dismiss, p. 5 (emphasis added).  Stillwater reiterated, "the Applications themselves state that the water being applied for was 'drain water [that] enters the Place of Use.'" *Id.*  As Stillwater further concedes, the asserted drain water at issue is "the water leftover after delivery to decreed water rights."  However, as argued by the State Engineer, "[e]ither the water at issue is primary water—in which case any right to its use is governed by the Alpine and the Orr Ditch Decrees—or it is drain water."  State Engineer's Opposition to Petition, p. 10. The State Engineer's argument reflects his ruling that there was not drain water available for appropriation.  Thus, as argued by the State Engineer, the water at issue is primary water and is governed by the Alpine and Orr Ditch Decrees.  That Stillwater maintains that the water is drain water and believes the water is not subject to a Decree neither establishes that the water is drain water nor strips this Court of jurisdiction.  Rather, this Court has jurisdiction because Stillwater contests the State Engineer's determination that water still within the irrigation works operated by the TCID for the benefit of appropriators within the Newlands Project is not drain water.

The Court also has jurisdiction to hear Stillwater's appeal of the granting of Application #48476, which focuses on the State Engineer's finding that "Stillwater Farms' statement that it filed the Application in order to establish an enforceable right to this water does not comport with the law and no enforceable right to drain or waste water can be established under Nevada law."  The full context in which this statement was made, however, was in response to the Truckee-Carson Irrigation District's argument, who had

1  cited *Gallio v. Ryan*, 52 Nev. 330, 344-345 (1930) for the proposition that there was "no

2  legal basis to issue a permit for appropriation of drain water *and that there can be no right*

3  *to a specific quantity of drain water or continued access to drain water*." The State

4  Engineer rejected, as disingenuous, the first part of this argument–that there is no legal

5  basis to issue a permit for appropriation of drain water. The State Engineer then cited to

6  numerous examples in which TCID and other protestants had filed applications to

7  appropriate drain water, had obtained a permit to appropriate drain water, or had withdrawn

8  opposition to the issuance of a permit to appropriate drain water.

9       The State Engineer's ruling also specifically noted that the USFWS held an active

10  right to appropriate 25.1 cfs of drain water that collected in the same slough from which

11  Stillwater sought to appropriate drain water. Further, the USFWS "used to hold" a permit to

12  appropriate 34.9 cfs of drain water from the same slough. That permit, however, had been

13  cancelled and Stillwater asserted "it is next in line and should be allowed to appropriate this

14  drain water." The State Engineer concluded that "at times there may be drain water

15  available for appropriation" and granted Stillwater's application. Thus, in granting the

16  application, the State Engineer specifically recognized the existence of a senior right to

17  appropriate drain water from the slough, and granted Stillwater's application as the "next in

18  line" for whatever drain water might be available at times for appropriation.

19       As to the second part of TCID's argument, the State Engineer responded by

20  closely paraphrasing the Nevada Supreme Court's language from *Gallio:* "that any permit

21  issued for drain or waste water does not create in the applicant any permanent right to

22  have the discharge maintained, does not create any right to a specific quantity of water or

23  the right to interfere with anyone else who has lawfully appropriated water flowing in

24

25

26

4

Stillwater Slough."[1]  Immediately following this finding the State Engineer made the further finding that "Stillwater Farms' statement that it filed the Application in order to establish an enforceable right to this water does not comport with the law and no enforceable right to drain or waste water can be established under Nevada law."  As the State Engineer further explained in the Conclusion of Law:

> the drain water sought for appropriation under Application 48476 is subject to appropriation, but not in the traditional sense of appropriation.  The Nevada Supreme Court held in *Gallio v. Ryan*, 52 Nev. 330, 344-345 (1930) that waste water is subject to capture and use, but that is the limit and extent of the right.  *The user cannot impose upon the owner* permitting the water or escape of water to cause it to be wasted or to require the continuance of its flow.  The court held that where one has acquired the right to use of waste water from the ditches or laterals of another, he does not become vested with any control of any such ditches or laterals, or the water flowing in them, nor is the owner of such ditches required to continue or maintain conditions so as to supply the appropriation of waste water at any time or in any quantity, when acting in good faith.  The State Engineer concludes that the Application only acquires a temporary right to whatever water escapes from the works or land of others, and which cannot find its way back to its source of supply.  Such a use of water does not carry with it the right to any specific quantity of water or the right to interfere with the water flowing in the ditches or works of others lawfully appropriating it.  The State Engineer concludes no permanent right can be acquired to have the discharge kept up and no enforceable right to drain or waste water can be established under Nevada law.

(State Engineer Ruling 6226, p.12, emphasis added.)  In sum, the State Engineer granted Stillwater's application to appropriate drain water, and in doing so expressly recognized the existence of a senior right to appropriate drain water from the same slough.  In contrast, the State Engineer found that Stillwater's application was contrary to Nevada law as it sought to establish enforceable rights that are unavailable under Nevada law.  The rights identified by the State Engineer as unavailable to an appropriator of drain water concerned enforcement against the lawful appropriators of water that becomes drain water.  As Stillwater appeals

---

[1]   For comparison, as stated by the Nevada Supreme Court in *Gallio*: "a claimant to waste water acquires a temporary right only to whatever water escapes from the works or lands of others, and which cannot find its way back to its source of supply; that such a use of the water does not carry with it the right to any specific quantity of water; nor the right to interfere with the water flowing in the ditches or works of others lawfully appropriating it."

1  this latter finding and conclusion, and as the owners of the water rights at issue are owners

2  of Decreed water rights, Stillwater has invoked the jurisdiction of this Court.

3        In its opening brief, Stillwater appears to contend that the State Engineer erred by

4  using over-broad language that also improperly limited enforceability of its drain water

5  appropriation against a possible future junior appropriator of drain water from the same

6  slough, or against a possible over-diversion by the USFWS under its drain water permit.

7  However, as relief, Stillwater seeks to strike the State Engineer's language entirely.  As the

8  context of the State Engineer's language concerns the enforceability of a drain water

9  appropriation against the prior water right owners of the escaped water, and as those water

10 rights are Decreed rights, the relief sought concerns Decreed water rights.  Accordingly, the

11 Court finds that it has jurisdiction to consider Stillwater's appeal.

12        Grant of Application #48476

13        In considering Application #48476, and the protests of that application, the State

14 Engineer not only looked to controlling Nevada law to determine the limited rights attaching

15 to an appropriation of drain water, but he correctly recited and applied that law.  The

16 context of the language which Stillwater seeks to strike from Ruling 6226 concerns the

17 enforceability of a drain water appropriation against the prior water right owners of the

18 escaped water.  Further, the State Engineer's decision recognized that Stillwater was

19 seeking an appropriation of drain water that was junior to the senior right of the USFWS to

20 appropriate drain water from Stillwater Slough.  The language used by the State Engineer

21 to describe the permitted right to capture and use drain water that had escaped to the

22 Stillwater Slough is not contrary to Nevada law, but closely follows state law.  Accordingly,

23 the Court will deny Stillwater's appeal seeking to strike that language from Ruling 6226.

24        Denial of Application #47786

25        As stated by the State Engineer in Ruling #6226, Stillwater filed Application #47786

26 to appropriate "drain water for wildlife purposes."  Further, as noted by the State Engineer,

in the remarks section of its application, Stillwater indicated that the application was "for drain water."  In seeking to dismiss its petition for lack of jurisdiction, Stillwater reiterated that its applications were for "drain water."  Stillwater argues that the State Engineer erred in finding that the water that gathered at the proposed point of diversion, pursuant to Application #47786, "is not available for appropriation."  Given that the State Engineer was deciding Stillwater's application to appropriate "drain water" at the proposed point of diversion, the State Engineer's conclusion necessarily reflected a determination that there was no drain water available for appropriation at the proposed point of diversion.

Absent from Stillwater's arguments, however, is any suggestion that there was "drain water" at the proposed point of diversion.  In sharp contrast to its motion to dismiss (in which Stillwater repeatedly asserts this appeal concerns applications to appropriate "drain water"), Stillwater's arguments on the merits of the denial of Application #47786 assert that the State Engineer erred because the evidence established that "mismatched water" was available for appropriation at the proposed point of diversion.  However, with the exception of a single, cursory, parenthetical reference to an argument Stillwater made to the State Engineer, Stillwater neither asserts nor argues that "mismatched water" is drain water.

A claimant to drain water "acquires a temporary right only to whatever water escapes from the works or lands of others, and which cannot find its way back to its source of supply."  *Gallio*.  Regardless of whether the water is labeled "drain water," "waste water," "surplus water," "excess water," "water that is leftover and not delivered," or "mismatched water,"[2] the claimant to such water can acquire no more than a temporary right "to whatever water escapes from the works or lands of others."  Critically, until the water *escapes* from the lands or works of those who lawfully appropriated and diverted the water from its source

---

[2]     In its brief, Stillwater uses the latter three phrases to refer to the water it sought to appropriate under Application #47786.  In *Gallio*, the Nevada Supreme Court referred to the water that can be subject to a temporary right to capture and use as "waste water," and also recognized that it could be labeled as "surplus water."

1   of supply, the water is unavailable for the appropriation.  Stillwater makes no argument that

2   the water it sought to appropriate under Application #47786 had escaped from the lands

3   and works of those who diverted the water pursuant to Decreed water rights.

4        Further, Stillwater does not cite to any authority establishing or even suggesting that

5   "excess water" or "mismatched water" becomes available for appropriation while it still

6   remains on the land or in the works of those who originally appropriated the water.  Rather,

7   the Nevada Supreme Court's decision in *Gallio* establishes the contrary: no right can be

8   obtained to such water while it remains under the control of the lawful appropriator.

9   Regardless of whether the water Stillwater sought to appropriate is labeled as

10  "mismatched" at the proposed point of diversion, the water remained in the works and

11  control of TCID and was not available for appropriation as drain water.  Accordingly, the

12  State Engineer did not err in determining that there was no drain water available for

13  appropriation at the proposed point of diversion.

14       Accordingly, for good cause shown,

15       THE COURT **ORDERS** that Stillwater Farms, Inc.'s Motion to Dismiss for Lack of

16  Jurisdiction (#22) is DENIED;

17

18       THE COURT FURTHER **ORDERS** that Nevada State Engineer's Ruling #6226 is

19  AFFIRMED.

20

21  DATED this _13_ day of March, 2015.

22

23                                                          Lloyd D. George

24                                                          United States District Judge

25

26

8