# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ALPINE LAND & RESERVOIR CO., *et al*.,<br><br>  Defendants.<br><br>Re: Nevada State Engineer Ruling No. 6226 | Equity No. D-183-LDG<br><br>Case No. 3:73-cv-00183-LDG<br>Subfile No. 3:73-cv-00211-LDG<br><br>**ORDER** |

Stillwater Farms, Inc. moves pursuant to Fed. R. Civ. Pro. 59(e) and 60(b)[1] for reconsideration (#38) of this Court's order. The Court will deny the motion as untimely.

A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment. Pursuant to Rule 54(a), a judgment includes "any order from which an appeal lies." As this matter came before the Court on Stillwater Farms'

---

[1] The Court presumes Stillwater Farms brings its motion pursuant to these Rules despite obvious errors in Stillwater Farms' reference to the rules in the first three paragraphs of its notice of motion and motion.

petition to review a decision of the Nevada State Engineer pursuant to the provisions of the Alpine Decree, the Order dismissing the petition is an order from which an appeal lies. The Court entered its Order March 13, 2015. The period to file a motion to amend or alter judgment pursuant to Rule 59(e) expired on April 10, 2015. Stillwater Farms filed its motion on July 18, 2015, more than two months after the Rule 59(e) 28-day period to file a motion had expired. Accordingly, the Rule 59(e) motion is untimely.

A Rule 60(b) motion must be filed within a reasonable time. Whether a Rule 60(b) motion is filed within a reasonable time is determined within the context of the motion and the reasons upon which relief from a judgment is being sought. Stillwater Farms appears to suggest that it is seeking relief pursuant to Rule 60(b)(1) for "mistake, inadvertance, surprise, or excusable neglect," or pursuant to Rule 60(b)(6) for "any other reason that justifies relief."

In its memorandum, Stillwater Farms argues that this Court "has been misled by the [State Engineer's] Ruling," and "requests this Court reconsider its Order where it relied on the assumption that TCID owns the water it delivers." Stillwater Farms' argument is, at its essence, that the Court erred. While the Court did not make any such assumption, the Court does not need to address the issue as Stillwater Farms did not file its Rule 60(b) motion within a reasonable time.

Generally, relief from an error of the Court may be obtained by an appeal of the Court's decision. To obtain such relief, however, requires the timely filing of a notice of appeal. Pursuant to Federal Rule of Appellate Procedure 4, a notice of appeal must be filed within 30 days after entry of the judgment or order being appealed from.

The time for filing an appeal may be tolled and run from the entry of an order disposing of a Rule 60(b) motion, but only "if the motion is filed no later than 28 days after the judgment is entered." Fed. R. App. Pro. 4(a)(4)(A)(vi). As such, the period to appeal an underlying order or judgment is tolled by the filing of a Rule 60(b) motion, but only if that

motion is filed within 28 days from the filing of the appealable order.  Stated otherwise, rather than filing an appeal to obtain relief from a court's error, a party can seek relief directly from a court for the asserted error, and still maintain its right to appeal that error, but only by bringing such Rule 60(b) motion within 28 days.

Stillwater Farms filed its motion seeking relief from an appealable order of this Court, for the asserted error of this Court, more than two months after the time to appeal that decision had expired.  Stillwater Farms expressly recognizes, in its moving papers, that whether a Rule 60(b) is filed within a reasonable time depends on the circumstances of the case.  Stillwater Farms makes no effort, however, to identify any circumstance (other than the asserted error of the Court) that suggests its Rule 60(b) motion was filed within a reasonable time.  As suggested by the rules of both civil and appellate procedure, however, for the "circumstance" of a court making an appealable error, the "reasonable" amount of time within which to an assert such error occurred is 28 days (by means of a Rule 60(b) motion), or 30 days (by filing a notice of appeal).  Stillwater Farms offers no explanation suggesting that its belated Rule 60(b) motion is other than an extremely untimely effort to assert that the Court erred.  Accordingly, as Stillwater Farms did not file its Rule 60(b) motion within a reasonable time, and did not file its Rule 59(e) motion within 28 days:

THE COURT **ORDERS** that Stillwater Farms' Motion for Partial Reconsideration (#38) is DENIED as untimely.

DATED this ___9___ day of October, 2015.

_____
Lloyd D. George
United States District Judge

3